DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BENJAMIN KINGSLEY (CABN 314192)
COLIN C. SAMPSON (CABN 249784)

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Colin.Sampson@usdoj.gov; 415.436.7200

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division

    950 Pennsylvania Avenue, NW, Suite 7700
    Washington, D.C. 20530
    Telephone: (202) 307-5176
    Email:  Benjamin.Hawk@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:19-CR-621 EMC |
| Plaintiff, | UNITED STATES' *EX PARTE* MOTION FOR ALTERNATIVE VICTIM NOTIFICATION PURSUANT TO 18 U.S.C. § 3771(d)(2) |
| v. | |
| AHMAD ABOUAMMO;<br>ALI ALZABARAH; and<br>AHMED ALMUTAIRI,<br>    a/k/a/ Ahmed Aljbreen, | |
| Defendants. | |

The United States hereby moves this Court *ex parte* for authorization, pursuant to 18 U.S.C. § 3771(d)(2), to employ the Justice Department's website for large cases in order to provide notice to the large number of potential victims in this case, which as described below, makes it impracticable to accord in an individualized manner all of the crime victims the rights described in § 3771(a).

1    The Crimes Victims' Rights Act ("the Act"), codified at 18 U.S.C. § 3771, provides certain
2 rights to victims in federal criminal proceedings. Among these rights is the right to "reasonable,
3 accurate, and timely notice" of public court proceedings. 18 U.S.C. § 3771(a). The Act requires that
4 "[o]fficers and employees of the Department of Justice and other departments and agencies of the
5 United States engaged in the detection, investigation, or prosecution of crime shall make their best
6 efforts to see that crime victims are notified of, and accorded, the rights described in [§ 3771(a)]," 18
7 U.S.C. § 3771(c)(1), and it instructs the Court to "ensure that the crime victim is afforded" those rights.
8 18 U.S.C. § 3771(b). The Act defines a crime victim as "a person directly and proximately harmed as a
9 result of the commission of a Federal offense . . . ." 18 U.S.C. § 3771(e). Importantly, the Act
10 recognizes that for crimes involving multiple victims, the Court has discretion to adopt procedures to
11 accord victim rights without unduly interfering with the criminal proceedings. Thus, 18 U.S.C.
12 § 3771(d)(2) provides:

> In a case where the court finds that the number of crime victims makes it
> impracticable to accord all of the crime victims the rights described in subsection (a),
> the court shall fashion a reasonable procedure to give effect to this chapter that does
> not unduly complicate or prolong the proceedings.

16 The Act places no limitations on the alternative procedures that a Court may fashion other than that the
17 procedures be reasonable to effectuate the Act and that the procedures not unduly complicate or prolong
18 the proceedings. *Id.*
19    In this case, the Indictment charges three defendants with acting as agents of the government of
20 Saudi Arabia without notification to the Attorney General, in violation of 18 U.S.C. § 951, and charges
21 defendant Ahmad Abouammo with obstruction of justice, all relating to a scheme to obtain confidential
22 user information concerning certain Twitter accounts that were of interest to the Government of Saudi
23 Arabia and its Royal Family. While employed by Twitter, Inc., defendants Ahmad Abouammo and Ali
24 Alzabarah accessed approximately 6,936 Twitter accounts without authorization and in violation of
25 Twitter's policies. While the government does not allege that all of these accounts are related to the
26 scheme to provide user information to Saudi Arabia, the government believes it is appropriate to provide
27 them all with the notices required under the Act to ensure that all victims are afforded their rights.

Accordingly, given the large volume of victims and potential victims in this case, the United States submits that it falls within the "multiple crime victims" provision of § 3771(d)(2). Neither the United States nor the Court has the resources to identify all the victims in this case and to accord them in an individualized manner the notice and the rights described in § 3771(a). Additionally, many of the accounts accessed by the defendants have been closed or deleted, and many of the users are outside of the United States of America.

Moreover, the nature of this case magnifies the impracticality caused by the large number of victims and potential victims. For example, Twitter users' "handles" constitute the primary, if not the only, identifying information of the more than 6,000 known victims and potential victims. Therefore, the United States intends to use the Justice Department's website for large cases, *i.e.*, https://www.justice.gov/largecases, to provide information through a Justice Department case-specific website, *i.e.*, https://www.justice.gov/usao-ndca/united-states-v-ahmad-abouammo, to individuals who are victims or who believe they may be victims in this case. The case-specific website contains the notices required under the Act and provide potential victims the opportunity to complete a victim impact statement in order to relay information about how they were victimized, thereby putting the United States in a better position to communicate directly and individually with potential victims.

Based on the foregoing, the United States respectfully requests that the Court grant the motion for alternative victim notification procedures pursuant to 18 U.S.C. § 3771(a)(2).

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

DATED: February 5, 2020.

*/s/ Colin Sampson*
COLIN SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division