STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
AHMAD ABOUAMMO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            PLAINTIFF,<br><br>v.<br><br>AHMAD ABOUAMMO;<br>ALI ALZABARAH; AND<br>AHMED ALMUTAIRI,<br>            DEFENDANTS. | CR 19-621 EMC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COUNTS TWENTY THROUGH TWENTY-THREE FOR LACK OF VENUE<br><br>HONORABLE EDWARD M. CHEN<br>DATE: JAN. 6, 2021<br>TIME: 2:30 P.M. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; DAVID ANDERSON, UNITED STATES ATTORNEY; AND COLIN SAMPSON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on January 6, 2021, or as soon thereafter as counsel may be heard, Defendant Ahmad Abouammo, by and through undersigned counsel, will and hereby does move the Court to dismiss Counts Twenty through Twenty-three for lack of venue. This motion is based upon U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; Federal Rules of Criminal Procedure 12(b)(3)(A)(i) and 18, the below memorandum of points and authorities, the record in this case, and any argument submitted at the hearing of the motion.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

A defendant has a constitutional right to be tried in the district where the charged crime is alleged to have been committed. The Superseding Indictment does not allege that the money laundering transactions charged in Counts Twenty through Twenty-two involved money being transferred into or out of the Northern District of California. Nor does the Superseding Indictment allege any other facts that would make venue in this district proper. Similarly, the violation of 18 U.S.C. § 1519 charged in Count Twenty-three (falsification of records to obstruct an investigation) is alleged to have occurred in Seattle, Washington. Again, the government fails to allege any facts that would legally support venue here. Because the government's pleadings cannot establish venue in this district for either the money laundering or the falsification of records counts, the Court should dismiss Counts Twenty through Twenty-three pursuant to Fed. R. Crim. P. Rule 12(b)(3)(A)(i).

## 2. BACKGROUND

The Superseding Indictment in this case alleges that Mr. Abouammo and two co-defendants accessed Twitter user information and provided that information to an individual associated with government of the Kingdom of Saudi Arabia ("KSA"), in contravention of Twitter's internal policies, and without registering with the Attorney General. *See* Superseding Indictment, Dkt. No. 53. That conduct is alleged to have occurred in the Northern District of California "and elsewhere." *Id*. Relevant to this motion, the Superseding Indictment also charges Mr. Abouammo with three counts of money laundering in violation of 18 U.S.C. § 1956 (Counts Twenty through Twenty-two) and one count of falsification of records to obstruct an investigation in violation of 18 U.S.C. § 1519 (Count Twenty-three).

The falsification of records is alleged to have occurred on October 20, 2018, also "in the Northern District of California and elsewhere." *Id*. at ¶ 46. In its original complaint, however, the government set forth the factual basis for the 18 U.S.C. § 1519 violation currently charged as Count Twenty-three. *See* Complaint, Dkt. No. 1. The Complaint related that, on October 20,

2018, Letitia Wu, an FBI agent based in the FBI's field office in Palo Alto, California, traveled to Seattle, Washington for the purpose of interviewing Mr. Abouammo at his Seattle home. *Id.* ¶ 51. Special Agent Wu planned to interview Mr. Abouammo about his interactions with an alleged Saudi Arabian foreign official. *Id.* The complaint alleges that, during the course of the interview, Mr. Abouammo told the FBI that he received $100,000 in fees from that official in connection with consulting work performed through Mr. Abouammo's consulting company. *Id.* ¶¶ 52, 54. At the conclusion of the interview, Mr. Abouammo allegedly offered to share with the FBI a "copy of the consulting contract," and then "emailed an undated invoice to the email address of a Palo Alto, California based FBI Special Agent." *Id.* ¶ 54. The complaint alleges that Mr. Abouammo "created" that invoice at his residence in Seattle in order to impede the FBI's investigation. *Id.* ¶ 55.

The money laundering counts are alleged to have occurred on March 10, 2015 (Count Twenty), June 11, 2015 (Count Twenty-one), and July 2, 2015 (Count Twenty-two), "in the Northern District of California and elsewhere." *Id.* at ¶¶ 39-44. Subsequent to the filing of the Superseding Indictment, however, Mr. Abouammo moved for a bill of particulars and requested that the government provide information to support venue in this district for the money laundering allegations. *See* Def. Mot. for Bill of Particulars, Dkt. No. 66 at 9-11. The government opposed the request, stating *inter alia* as follows:

> Nor is it hard for Defendant to understand why bribes paid to him from abroad and laundered to his bank accounts in the United States, which he earned by intentionally violating the policies governing his employment at Twitter, Inc., headquartered approximately three city blocks from the San Francisco courthouse where his prosecution is pending. Moreover, Defendant was living in the Northern District of California at the time of the wire alleged in Count 20 . . . .

Govt. Opp. to Def. Mot., Dkt. No. 68 at 10 n.6.

///

///

///

///

### 3. ARGUMENT

#### 3.1 A Charging Document Must Allege Facts Sufficient to Support Venue in the Charging District as to Each Count

A defendant has a constitutional right to be tried in the district where the crime was allegedly committed. *See* U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *see also* Fed. R. Crim. P. 18 (same). Venue must be proper with respect to each count. *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002).

The constitutional protections regarding venue "touch closely the fair administration of criminal justice and public confidence in it, on which it ultimately rests." *United States v. Johnson*, 323 U.S. 273, 276 (1944). Although venue is not an element of the offense, the government bears the burden of proving venue at trial by a preponderance of the evidence. *United States v. Moran-Garcia*, 966 F.3d 966, 969 (9th Cir. 2020). At the pretrial stage, "the government must "allege with specificity that the charged acts support venue in this district." *United States v. Long*, 697 F. Supp. 651, 655 (S.D.N.Y. 1988).

Where the government fails to allege enough facts in the charging document (or a bill of particulars) to support venue in the charging district, the defendant must move to dismiss the charge pretrial under the penalty of waiver. *See* Fed. R. Cr. P. 12(b)(3)(A)(i) (improper venue must be raised pretrial "if the basis for the motion is then reasonably available and the trial can be determined without a trial on the merits"); *United States v. Marsh*, 144 F.3d 1229, 1242 (9th Cir. 1998) (venue defect waived where indictment charged tax counts in the Northern District of California but alleged that defendants had resided in the Eastern District of California).

#### 3.2 Venue Is Improper for Counts Twenty through Twenty-two in the Northern District of California

The Supreme Court has formulated a set of guidelines for determining criminal venue. However, "[i]f the statute under which the defendant is charged contains a specific venue provision, that provision must be honored (assuming, of course, that it satisfies the constitutional minima)." *United States v. Salinas*, 373 F.3d 161, 164 (1st Cir. 2004). The money laundering statute, 18 U.S.C. § 1956, is one such statute. It contains specific venue provisions for

both substantive violations and attempt or conspiracy to commit money laundering. *See* 18 U.S.C. § 1956(i)(1), (2).

For substantive money laundering counts, the statute provides that venue lies in: (A) a district in which the transaction was conducted or (B) the district where the underlying offense occurred "if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted." 18 U.S.C. § 1956(i)(1).[1] Critically, the location of the alleged underlying criminal activity does *not*, by itself, establish venue for money laundering charges regarding proceeds of that criminal activity; the two are separate offenses. *See United States v. Cabrales*, 524 U.S. 1, 7-8 (1998) (holding, pre-enactment of § 1956(i), that the question of venue for money laundering is distinct from the question of venue for the underlying criminal activity); *United States v. King*, 259 F.Supp.3d 1267, 1283, 1286-87 (W.D. Okla. 2014). Rather, the district where the alleged underlying criminal activity occurred is a proper venue for substantive money laundering charges only if it is also the venue where the financial transaction is conducted, 18 U.S.C. § 1956(i)(1)(A), or "*if* 'the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.'" *King*, 259 F.Supp.3d at 1284 (quoting 18 U.S.C. § 1956(i)(1)(B); emphasis in original).

The three money laundering counts in this case all allege that, on three different dates, "in the Northern District of California *and elsewhere*," Mr. Abouammo conducted a transaction which "transferred *from a Bank Audi account in Beirut, Lebanon into an account in the United States controlled by Abouammo* . . . funds constituting the proceeds of a specified unlawful activity." Superseding Indictment, Dkt. 53 ¶¶ 40, 42, 44 (emphasis added). These allegations are patently insufficient to establish venue in this district.

---

[1] By contrast, "[a] prosecution for an attempt or conspiracy offense under [section 1956] may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place." 18 U.S.C.A. § 1956(i)(2).

Section 1956(i)(1)(A) does not confer venue because the indictment does not allege facts that, if true, would establish that *the alleged laundering transactions* were conducted in this district. *See* 18 U.S.C. § 1956(i)(1)(A). The indictment does not allege that the funds were transferred from Beirut, Lebanon, into a bank account in this district, only to an account in this country. Nor does the indictment allege any other facts that might establish that Mr. Abouammo "conducted"—that is initiated, concluded, or participated in initiating or concluding, *id.* § 1956(c)(2)—the transfers from this district. *Compare United States v. Hoskins*, 73 F.Supp.3d 154, 167 (D. Conn. 2014) (holding that venue lay in Connecticut under §§ 1956(i)(1)(A),(3) where the indictment alleged that "HOSKINS . . . , while located in the District of Connecticut and elsewhere, directed the wire transfer of, and caused to be wired, money from [Alstom U.S. Power's] and Consortium Partner's bank accounts in New York to Consultant A's bank account in Maryland for the purpose of concealing and disguising the bribe payments to Official 1.").[2]

Nor does Section 1956(i)(1)(B) apply. That section confers venue in a district where the underlying offense was allegedly committed only if the defendant participated in a transfer *from* the venue/sending district *to* another district. *King*, 259 F.Supp.3d at 1284. Here, the Superseding Indictment alleges that all three transfers originated in Lebanon, not the Northern District of California. Superseding Indictment, Dkt. No. 53, ¶¶ 39-42. Consequently, there is no venue pursuant to § 1956(i)(1)(B).

In short, the government fails to allege facts that, if proven at trial, would establish venue in this district as to Counts Twenty through Twenty-two. The Court should therefore dismiss the counts for improper venue.

///

///

///

---

[2] Although the Superseding Indictment alleges that Mr. Abouammo resided in the Northern District at the time of the conduct charged in Count Twenty, that is insufficient to make venue in this district proper. Venue under § 1956(i)(1)(A) does not lie where the defendant resides, but where he conducts a laundering transaction.

### 3.3 Venue Is Improper for Count Twenty-three in the Northern District of California

Unlike the money laundering statute, 18 U.S.C. § 1519 (falsification of records to obstruct a government investigation) does not include a specific venue provision. In such circumstances, to decide whether venue is proper, courts "must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez–Moreno*, 526 U.S. 275, 279 (1999). To identify the conduct constituting the offense, the Court must identify the "essential conduct element[s]" of the offense. *Id*. at 280. An "essential conduct element" is distinct from "a circumstance element of the offense," which the offense may require, but it is not part of the "proscribed conduct." *Id*. at 280 n.4 (discussing *Cabrales* and explaining that the anterior criminal conduct that yielded the funds allegedly laundered is a circumstance element of money laundering, whereas the proscribed conduct was the money laundering activity); *cf. Pace*, 314 F.3d at 349-50 (although a fraudulent scheme is required under 18 U.S.C. § 1343, the essential conduct prohibited by the statute is the misuse of the wires).

Count Twenty-three charges Mr. Abouammo with violation of 18 U.S.C. § 1519, which provides:

> Whoever knowingly alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States or any case filed under title 11, or in relation to or contemplation of any such matter or case, shall be fined under this title, imprisoned not more than 20 years, or both.

18 U.S.C. § 1519. In order to prove a violation of § 1519, "the Government must show that the defendant (1) knowingly committed one of the enumerated acts in the statute, such as destroying or concealing; (2) towards "any record, document, or tangible object"; (3) with the intent to obstruct an actual or contemplated investigation by the United States of a matter within its jurisdiction." *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015).

The "essential conduct element" of § 1519 is, thus, "alter[ing], destroy[ing], mutilate[ing], conceal[ing], cover[ing] up, falsif[ying], or mak[ing] a false entry in any record, document, or tangible object." While the statute requires that this conduct be undertaken with the intent to obstruct a pending or contemplated federal investigation, there is no requirement that such an investigation or other matter exist or even be likely to exist; indeed a contemplated investigation suffices. *See United States v. Singh*, -- F.3d -- , No. 17-50337, 2020 WL 6304898, at *14 (9th Cir. Oct. 28, 2020). Nor is there a requirement that the defendant know that the matter in question falls within the jurisdiction of a federal department or agency. *See United States v. Gonzalez*, 906 F.3d 784, 795 (9th Cir. 2018). Finally, the statute does not require that the conduct be likely to succeed in obstructing a federal matter, let alone that it actually obstruct any federal matter. *See Powell,* 680 F.3d at 355-56; *Yielding*, 657 F.3d at 711-12. For all these reasons, a pending or contemplated federal investigation, bankruptcy action, or other matter is a "circumstance element of the offense," *Rodriguez–Moreno*, 526 U.S. at 280 n.4, and is not an "essential conduct element." *Id.*

As to the "essential conduct" alleged in Count Twenty-three, the government alleges that Mr. Abouammo created the invoice in Seattle, during a break in his interview with Special Agent Wu. *See* Complaint, Dkt. No. 1 ¶¶ 51-55. Indeed, Mr. Abouammo has been living in Seattle since May 22, 2015. *Id.* ¶ 17. Therefore, taking the government's allegations in the charging documents as true, the entirety of the essential conduct underlying Count Twenty-three occurred in the Western District of Washington.

The fact that the agent who questioned Mr. Abouammo happened to be assigned to an FBI field office in this District or that the document may have been emailed to the FBI and accessible in this District has no significance for venue purposes:  the "essential conduct" of the criminal offense here is the falsification of the record, which does not concern in any way the "home base" of the agents involved in the investigation. In *United States* v. *Motz*, 652 F. Supp. 2d 284, 296 (E.D.N.Y. 2009), the government charged 18 U.S.C § 1519 based on the defendant's alteration of a document.  The government conceded that the alteration took place at a location

8

that was outside the charged district.  The Court dismissed the count on venue grounds because there was "insufficient [evidence] to prove that the charged acts of document alteration took place" in the district.  *Id.* at 296.  Similarly, in *United States v. Bowens*, the court held that the "essential conduct" of the offense of harboring or concealing a fugitive was the act of concealing the fugitive, and that venue did not lie in the place where the arrest warrant was issued, but rather, in the place where the act of concealing occurred.  224 F.3d 302, 311 (4th Cir. 2000).

Nor is there any support for the argument that venue lies here because the alleged conduct was intended to have some effect in this district.  In *United States v. Marsh*, 144 F.3d 1229, 1242 (9th Cir. 1998), the court rejected the government's argument that venue was proper in the Northern District of California because the filing of fraudulent liens in Nevada and Washington had an effect on an IRS investigation being run by agents in San Jose.  Analyzing a statute similar to Section 1519, the court held that the "crime of endeavoring to impede the IRS is complete when the endeavor is made," and "[n]o effect need be proved."[3]  *Id.*  Thus, venue was not appropriate in Northern California "when the criminal deeds had already been committed" once the investigators based in Northern California were impacted by the fraudulent liens.  *Id.*

Accordingly, there is no persuasive argument that the Section 1519 offense alleged in this case somehow continued into the venue where the document was sent or received.  *Cf.* 18 U.S.C. § 1512 (statute providing that a prosecution for witness or juror tampering—but not a prosecution for an offense under Section 1519—"may be brought in the district in which the official proceeding (whether or not pending or about to be instituted) was intended to be affected or in the district in which the conduct constituting the alleged offense occurred").  The

---

[3] The statute at issue in *Marsh* (26 U.S.C. § 7212) provides, in relevant part, "[w]hoever corruptly or by force or threats of force … endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title" commits an offense.  Section 1519 similarly targets the "endeavor" to obstruct, but not the actual impact of that endeavor: "[w]hoever knowingly … falsifies, or makes a false entry in any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States" commits an offense.

9

CR 19-621 EMC
Mot. to Dismiss Counts for Lack of Venue

government's conclusory assertion that conduct underlying the Section 1519 violation occurred "within the Northern District of California and elsewhere" is belied by the government's separate, detailed allegations in the Complaint, which make clear that all of the essential conduct constituting the offense occurred in Seattle. The Superseding Indictment's mere recitation that Count Twenty-three occurred in this district "and elsewhere" is an insufficient basis to overcome the venue defect that is apparent from the government's own pleadings in this case.

**4. Conclusion**

For the aforementioned reasons, Mr. Abouammo respectfully requests that the Court dismiss Counts Twenty through Twenty-three for improper venue.

Dated: November 18, 2020

Respectfully submitted,
STEVEN G. KALAR
Federal Public Defender

/S/
ELLEN V. LEONIDA
Assistant Federal Public Defender